IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL BRONSON,

    Petitioner,

vs.                            CASE NO. 4:08-cv-444-SPM/WCS

RUSSELL HOSFORD,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 27). Petitioner has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner filed an objection (doc. 28). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Petitioner was convicted of burglary of a dwelling with a person assaulted and felony battery causing great bodily harm, and challenges his conviction, as well as the Magistrate Judge's Recommendation that his habeas petition be denied, on the ground that his attorney rendered ineffective assistance of

counsel in failing to call Alicia Davis as a witness. The facts presented at trial were that the Petitioner severely beat the pregnant victim, a former girlfriend, at the apartment of her friend to which he was not invited. At trial, the victim stated that she had made an agreement with Alicia Davis to "drop the charges" against the Petitioner if he paid her a sum of money. Petitioner asserts that his attorney rendered ineffective assistance in failing to call Alicia Davis, who he alleges would have testified that the victim agreed to "tell the truth" in exchange for the money.

The Petitioner has not shown that his attorney's failure to call Alicia Davis as a witness amounted to attorney error causing prejudice to the outcome of the trial. Even if Alicia Davis, who was not at the apartment during the incident, did testify that the victim had agreed to accept money from the Petitioner in exchange for telling "the truth," three witnesses testified that the Petitioner barged into the apartment after being told that the victim was not there and proceeded to beat her up. There is no reasonable probability that the testimony of Alicia Davis would have altered the result of the proceeding.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 27) is *adopted* and incorporated by reference into this order.

2. The petition for writ of habeas corpus (doc. 1) is *denied with*

*prejudice*.

DONE AND ORDERED this seventeenth day of December, 2009.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge